UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE HUNDRED NINETY EIGHT
THOUSAND DOLLARS IN UNITED
STATES CURRENCY ($198,000.00);
TWO THOUSAND AND TWENTY
DOLLARS IN UNTED STATES
CURRENCY ($2020.00); and
FORTY-ONE THOUSAND FIVE
HUNDRED FORTY-THREE DOLLARS
IN UNITED STATES CURRENCY
(41,543.00).

    Defendants.
_____/

Case No. 07-12266

District Judge Paul V. Gadola
Magistrate Judge R. Steven Whalen

## **REPORT AND RECOMMENDATION**

Before the Court is *Motion by Claimant Sami Ali Hassoun to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6),* filed July 19, 2007 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Claimant's motion to dismiss be construed as a summary judgment motion and that the Court grant a 30-day continuance pursuant to Fed. R. Civ. P. 56(f)(2) to conduct discovery.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff United States filed this *in rem* forfeiture action pursuant to 21 U.S.C. §881(a)(6) on May 24, 2007, pertaining to Defendant currency seized by Dearborn Police Department officers. Plaintiff makes the following factual allegations. On January 5, 2007, Dearborn police officers received information indicating that a Ford Windstar with a New York license plate contained illegally obtained money and "contents," and was currently located at a residence on Helen Street in Dearborn, Michigan. *Complaint* at ¶9-a. Officers maintained surveillance as individuals later identified as present Movant Sami Ali Hassoun (the owner of the Windstar) and Fares Fares departed the residence in the Windstar, which was later stopped by police. *Id*. at ¶¶9-b,c. A Dearborn Police K-9 handler noted that his K-9 "gave a positive indication for the scent of narcotics" around and inside of the vehicle. *Id.* at ¶9-g. Officers found $2,020 on Hassoun's person and upon searching the van, discovered a suitcase containing a large amount of cash. *Id*. at ¶¶9-g, h. Hassoun and Fares were then directed to the Dearborn Police Station where they were interviewed by Drug Enforcement Administration ("DEA") agents. *Id.* at ¶9-k. Plaintiff alleges that Hassoun and Fares, interviewed separately, offered contradictory versions of their activities for the previous three days, and that Hassoun could not offer any supporting documentation for his claim that $50,000 of the funds in question represented the proceeds of a car sale and that the remaining $148,000 was given to him by his brother-in-law for a business transaction involving the sale of clothes. *Id.* at ¶¶9-q-u. Upon continued surveillance of the Helen Street residence,

officers observed two men arriving in a Mercedes SUV and entering the house. *Id*. at ¶9-v. Officers noted that as the men later exited, one of the men attempted "to conceal a large item under his coat." *Id.* Upon making a traffic stop of the SUV, the driver and passenger were identified as Wissam Aoun and Ali Aoun respectively. *Id*. at ¶9-w. A search of the vehicle revealed $41,453 in a large box. *Id*. at ¶9-x.[1] Plaintiff alleges that "[a] K-9 alerted positively to the currency both while it was still in the vehicle and after it was hidden in a drawer at the police station, indicating that the odor of narcotics was present on the currency." *Id*. at ¶9-z

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual

---

[1] Claimant/Movant Sami Ali Hassoun is not claiming an interest in the $41,543 found in the Mercedes SUV.

allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III. ANALYSIS

**A. Applicable Law**

21 U.S.C.A. § 881(a)(6) provides for the forfeiture of

> "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

Under 18 U.S.C. § 983(c)(1), "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." In addition, § 983(c)(3) requires that

> "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there

was a substantial connection between the property and the offense."

**B. Claimant's Motion to Dismiss**

Claimant Sami Ali Hassoun argues that aside from Plaintiff's failure to show a "substantial connection" between the confiscated money and drugs crimes, contrary to the "'heightened pleading requirement'"mandated by Supplemental Rule for Admiralty or Maritime and Asset Forfeiture G(2)(f), "the complaint fails to contain any evidence to support the proposition" that the forfeited funds were "'drug money.'"*Docket #13* at 3.[2] Claimant, stating that he is "a Lebanese clothing merchant from Brooklyn," indicates that he was in possession of the funds in question on January 5, 2007 because he sold a Cadillac Escalade and "wholesale lots of clothing" to a Dearborn, Michigan clothing merchant. *Id.* Claimant Hassoun further states that "a full-blown search" of the residence on Helen Street, Dearborn Heights revealed "no evidence of any narcotics activity . . . then, or at any subsequent time." *Id.* at 5. He argues in conclusion that "there is not the slightest hint of narcotics activity surrounding this case aside from the alleged reaction of a 'sniffer' dog to the cash," citing *United States v. $5000.00 in U.S. Currency,* 40 F.3d 846, 849 (6th Cir. 1994) which notes that "'there is some indication that residue from narcotics

---

[2]Rule G(2)(f) of the *Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions* states the complaint must "state sufficiently detailed facts to support a "reasonable belief" that the Government will be able to meet its burden of proof at trial". *U.S. v. $9,950.00 in U.S. Currency,* 2007 WL 3224535 *4 (W.D.Ark. 2007).

contaminates as much as 96% of the currency currently in circulation.'" 40 F.3d at 849 (*citing United States v. $80,760.00 in United States Currency*, 781 F.Supp. 462, 475 & n. 32 (N.D.Tex.1991)).

Plaintiff does not dispute the substance of the motion, but argues instead that the attached affidavits "should be stricken because the Court would be considering documents outside the pleading otherwise." *Docket #19* at 2. Alternatively, Plaintiff contends that if the Court considers the affidavits, the motion, "'disposed of as provided in Rule 56,'" requires that Plaintiff "'be given reasonable opportunity to present all material made pertinent to such a motion." *Docket #19* at 2-4; Rule 12(b)(6). Accordingly, Plaintiff argues that if the motion is construed as one for summary judgment, it should be allowed to respond to the motion "following a reasonable discovery period." *Id.* at 7.

**1. Sufficient Particularity**

The present complaint is not lacking the "sufficient particularity" required by G(2)(f) to justify a dismissal. Referring to predecessor of Supplemental Rule for Admiralty or Maritime and Asset Forfeiture G(2)(f), E(2)(a), the court in *U.S. v. U.S. Currency, in Amount of $150,660.00 980*, F.2d 1200, 1204 (8th Cir. 1992) noted that the Rule's "particularity requirement is 'designed to assure that the forfeiture complaint apprises potential claimants of the circumstances which support the government's contention that there is probable cause to believe that the defendant

property was *connected with* illegal drug activity, thus enabling claimants to commence an investigation of the facts and to frame a responsive pleading.'" *Id.* (*citing to United States v. One Parcel of Real Property,* 921 F.2d 370, 375 (1st Cir.1990))(emphasis in original).

As noted by Claimant, the present complaint alleges at best a tenuous connection to drug activity, based only on K-9 identification, Claimant's frequent international travel, and the amount of cash in question. However, I cannot say that Plaintiff has failed to meet the heightened pleading standard of G(2)(f). Significantly, pursuant to *$150,660.00 980*, *supra,* the present complaint was stated with sufficient specificity to allow Claimant to frame a cogent responsive pleading.

### 2. Fed. R. Civ. P. 56

The Motion to Dismiss relies on affidavits that are outside the pleadings; therefore it is construed as a motion for summary judgment. I concur with Plaintiff's procedural argument that if the attachments to the dismissal motion are considered, it must be construed as a summary judgment pursuant to Fed. R. Civ. P. 12(d) which states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Plaintiff argues specifically that it does not possess sufficient information necessary to counter Claimant's affidavit. *Docket #19* at 7. Under Rule 56(f) the Court may deny the motion "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential

to justify its opposition." However, in the seven months since filing its response to this motion, Plaintiff has not presented an affidavit or other material in opposition on its own behalf. Despite the absence of an affidavit, because Rule 56(f)(3) allows the Court to issue "any . . . just order," the Court finds that in the interest of fairness, a 30-day continuance "to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" is appropriate. Fed. R. Civ. P. 56(f)(2).

### IV. CONCLUSION

For these reasons, I recommend that Claimant's motion to dismiss be construed as a summary judgment motion and that the Court grant a 30-day continuance pursuant to Fed. R. Civ. P. 56(f)(2) to conduct discovery.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2008.

S/G. Wilson<br>
Judicial Assistant